Case number 18-4106. Demetreus Keahey v. Dave Marquis. Four arguments not to exceed 15 minutes per side. Ms. Autumn Hammett-Patterson for the appellant. Good morning. Good morning. May it please the court. My name is Autumn Hammett-Patterson, counsel for Mr. Keahey. I would like to reserve three minutes for rebuttal. Okay. This case is about the deprivation of Mr. Keahey's constitutional right to have a meaningful opportunity to present a complete defense to the jury. At the trial, the heart of Mr. Keahey's defense was that he acted in self-defense when he shot at Mr. Hankin, yet the jury did not get to decide that crucial issue. Instead, the trial court decided the issue based on its assessment of the witness's credibility and its weighing of the evidence. By removing the question of whether Mr. Keahey acted in self-defense from the jury, the trial court effectively directed a verdict for the state and ensured Mr. Keahey's conviction in violation of the Constitution. The state appellate court's approval of this error contradicted and was an unreasonable application of established federal law. Mr. Keahey is now entitled to habeas relief. So, Ms. Patterson, the hard part about the case from your perspective is, you know, the general rule that a violation of state law giving a jury instruction doesn't normally translate into a federal constitutional problem. That's the normal rule. And that means, I mean, you have to tell me where I'm wrong, that the trial judge has quite a bit of discretion, including his own kind of fact-finding capacity, his own kind of reading of the credibility of the witnesses in deciding what instructions to give. I'm not sure you mentioned those things in your opening, but I would have thought that doesn't violate the federal Constitution for the trial would have thought the trial judge was allowed to say, listen, I look at the evidence and it looks like an ambush. I don't see how you're entitled to this self-defense instruction. What part of that violates the federal Constitution or clearly violates the federal Constitution? It clearly violates Mr. Keahey's right to have a jury trial. While the trial court can determine whether a defendant meets the burden of production and whether there was evidence to support every element, it is improper when the trial court assesses the credibility of the witnesses and makes those sorts of findings a fact. That is exclusively reserved for the jury. And the Supreme Court's case in Holmes v. South Carolina makes that clear. In that case, Justice Alito, writing for the unanimous court, explained that the trial court could not exclude a defendant's evidence of third-party guilt based on its assessment of the strength of the prosecution's case and evidence, because that would require the trial court to engage in the weighing of the evidence and factual findings that are traditionally reserved for the jury. So the federal constitutional rule is almost like a summary judgment case where if the defendant, in this case, your client, puts on some plausible, reasonable evidence of self-defense, the trial judge always has to give the instruction. Otherwise, it violates the federal Constitution. If there is evidence on every element, yes, there needs to be an instruction, especially in a case like this where the heart of Mr. Keahey's defense was that he acted in self-defense. And so by not giving that instruction and not allowing the jury to determine whether he acted in self-defense or not, the trial court effectively directed a verdict for the state because the jury could not find him not guilty. I have a question. Go ahead, Judge Seiler. Okay. Can you hear me? Yes, sir. What is your best clearly established law from the Supreme Court that the failure to give a self-defense instruction is a violation of the Constitution? That would be Holmes v. South Carolina. Because in that case, the court makes clear that it was impermissible to exclude the evidence based on the weighing of the credibility and the evidence. And in Supreme Court cases discussing jury instruction, such as Cutt v. Naughton, the court makes clear that the question with a jury instruction is whether the instruction violated some right guaranteed to the defendant by the 14th Amendment. And so thus, courts are to look to what the due process clause requires in those cases establish that. But Holmes did not have a self-defense issue, did it? It did not involve self-defense, Your Honor. No. Likewise, in Crane v. Kentucky, the court said that the state court violated a defendant's meaningful opportunity to present a complete defense when it excluded evidence surrounding a confession. And it explained it was because that evidence was relevant to the confession's probative weight. And by removing that from the jury, that was a matter exclusively for the jury to assess. The court went on to and that that right would be empty if the trial court could exclude evidence that was central to the defendant's defense without a valid state justification. And that's what happened here. So I just want to put out a hypothetical. What if a state established a rule that just said, well, we understand that traditionally credibility determinations are for the jury, but we're going to have like an initial screening by judge, by a three-judge panel, could be whatever, motion and limine sort of thing. Would that violate the 14th Amendment? In other words, does the jury trial right at its core encompass the right of a jury to assess the credibility of any witness? Is that your basic underlying argument that all credibility determinations by the constitution must be for a jury and a state couldn't decide otherwise? When those credibility determinations go to the heart of the defendant's case, central to his defense, I believe the court cannot take that away from the jury. Now, to be fair, some Supreme Court cases such as Holmes and others recognize that state courts have substantial leeway in crafting procedures, but there needs to be a valid and non-arbitrary reason. So trial courts can decide to exclude evidence that for various reasons, such as if it will confuse the jury and things like that. But that wasn't the circumstance here. There was no reason that this evidence could not go to the jury. So are this, you know, most state courts, and I think the federal courts are the same way, is normally when we look at a denial of a jury instruction, I think this is true in civil and criminal cases, it's usually abuse of discretion review. It seems like your approach to this issue would prohibit that kind of review. The abuse of discretion gives a lot of latitude to the trial judge. And so including, you know, sizing up whether it would confuse the jury, can you really trust these witnesses, if these witnesses are really credible. And so that's what's puzzling to me about your argument. It seems to get rid of abuse of discretion review of jury instructions. In this case, Your Honor, what the state court did was objectively unreasonable. It made a determination that Mr. Kahee was not entitled to present his assessment of the witness's credibility. And there was substantial evidence on every point that would entitle Mr. Kahee to an instruction. So perhaps there are some cases on... That's why I said it's like a summary judgment case. I think your position is if you have evidence that supports the instruction, the judge always has to give it and the judge can't look at whether these witnesses are credible or not. That's what I understand you'd be saying. That eliminates abuse of discretion review and it makes the jury instruction inquiry like a summary judgment motion. The evidence still has to be introduced on every element, Your Honor, which is why there are cases such as in Taylor and Horton where the trial court could not provide a jury instruction because in instances the defendant failed to introduce evidence on a certain element such as in Taylor, the defendant testified that he accidentally shot the gun not intentionally and thus he was not entitled to a self-defense jury instruction. So the standard would not require always giving a self-defense jury instruction only when the defendant has, as Mr. Kahee did in this case, presented evidence on every element. And in that case, it goes really to the heartland of what the right to a jury trial protects. In Stevenson, the U.S. Supreme Court said that even if there's some evidence, the credibility and weight of that evidence is a matter for the jury. And speaking of Taylor, this court should follow that binding precedent and find that a defendant has the right to a self-defense jury instruction when sufficient evidence is introduced that would allow a reasonable juror to believe. Even in the habeas context, it is proper for the law of the circuit procedures, as the Supreme Court said in Marshall v. Rogers, and look to its prior opinions to ascertain whether it has already held that the particular point in issue is clearly established by Supreme Court precedent. But counsel, in Taylor, didn't the panel itself explicitly concede that it could not identify a particular case establishing the right to a jury trial? I mean, the Supreme Court has been very explicit in telling us you need a case, maybe not directly on point, but really, really close. And so, does that guidance from the Supreme Court allow us to, or require us to sidestep Taylor? Respectfully, Your Honor, it does not. In Taylor, while the court did say there was not a case with precise rule, it said, and I'm quoting Williams v. Taylor, that the court can supply a general standard that supplies clearly established law. And the court reiterated that in Marshall v. Rogers and in Panetti v. Quarterman. And Panetti v. Quarterman also provides an example of not only a general standard applying, but also a circumstance where despite the fact there was a general standard, the court concluded the state court contradicted that standard. And while Lopez and Gleeve do articulate that the Supreme Court, that clearly established federal law for habeas purposes, refers to the holdings of the Supreme Court, not to its dicta, and not to lower federal court opinions, Taylor recognized that and even quoted similar language from Williams v. Taylor. So, that is not something new. That was something that the Taylor court was aware of and did, which is why the Taylor court looked to Trumpetta to find the clearly established right of a meaningful opportunity to present a complete defense. But in Trumpetta, the defendant didn't get relief. I mean, it's about a breathalyzer, and it's not about a self-defense instruction, and the defendant didn't get relief. So, it's hard for me to see how Trumpetta gave them the clearly established law. While the defendant in Trumpetta did not ultimately get relief, the Supreme Court itself has treated Trumpetta as establishing clearly established law. For example, in Holmes v. South Carolina, the Supreme Court concluded that the state court violated the defendant's complete defense, and it cited Trumpetta for that proposition. So, Trumpetta is clearly established federal law in this area, and it is that clearly established federal law that the state court's decision contradicted. Question. Which is the court below in the state of Ohio that we have to look at their decisions? Is that the court of appeals? Yes, Your Honor. Okay, the Supreme Court didn't rule on it at all. No, Your Honor. But didn't they decide that there was not sufficient evidence to warrant a self-defense instruction? Yes, Your Honor. The Ohio Appellate Court explicitly approved the trial court's weighing of Mr. Kahey's motivations in determining not grant a self-defense jury instruction. I see I've run out of time. I'll reserve the rest of my time for rebuttal. Thank you. Thank you, Ms. Patterson. We'll hear from you, Ms. Reese. May it please the court, and to go on with Judge Seiler's question, after the Ohio Court of Appeals in the last recent decision affirmed the conviction, then the Ohio Supreme Court declined jurisdiction in unwritten summary opinion. So, Ms. Reese, could I ask, you know, there's a lot to support your side of the case. The one thing that I'm just trying to work through in my own head is, you know, let's say you have a case where the trial judge says, you know, we got five witnesses, somebody's lying, there's their opposite accounts of what happened. And the judge says, you know, I'm going to believe the mother, and therefore refuses to get the jury instruction. That does, it does seem to invade the province of the jury, right? I mean, it's the judge saying, somebody's lying. And they're hypothetically five witnesses or four or whatever it is, there's a bunch of physical evidence. And the judge sides with one witness and says no self-defense instruction. I just don't know how to process that. Doesn't that seem like it's, I know, I know you get abusive discretion review about jury instructions. But doesn't that seem to be taking over the credibility decision? Judge Sutton, the abusive discretion review, we're here on habeas, and abusive discretion is non-cognizable in habeas cases. Yeah, I got it. It seems brilliant for your side. And I'm just wondering if it's right. It's the law. It's Anastasia B. Burt is one of them. And there are others. Our contention is that the Ohio Court of Appeals in the last recent decision made two sets of binding findings. One was factual findings regarding whether the petitioner was entitled to a jury instruction of self-defense. And the second was whether he met the criteria. So it was an interpretation of Ohio law by an Ohio intermediate court. As regards the factual findings, it's not so much about credibility. The petitioner failed to present evidence that he was not at fault in creating the situation that gave rise to the affray. At the last minute, he decided instead of meeting his child's mother and his child at the doctor's office to meet her at the house where it was more foreseeable that he would run into his enemy, Prince Hampton. He took a gun with him. He was under weapons, under a disability, under a disability, but he took the gun anyway. The court found that texts between petitioner and the petitioner did not show any signs of retaliation. So those were the factual findings. In addition, the court made factual findings that petitioner had violated a duty to retreat and to avoid the danger. And even though petitioner had argued that Prince had displayed a gun, petitioner said, or I'm sorry, the court noted no other witness saw a gun. So petitioner was the one who was seen with a gun and no gun was ever found. Further, the Ohio court found the petitioner had presented no evidence that he did say he saw a knife. When he saw a knife, he couldn't have escaped in some other direction. He could have run to his car, but he could also run somewhere other than his car. So these are binding factual findings that are only rebuttable by clear and convincing evidence. That's a question. He said the decedent had a knife, but a knife was found around the scene later, right? That is correct. It was a closed knife. It was found around the scene. If the court had given a self-defense instruction, there wouldn't have been any appeal on that, I guess, right? To the Ohio Court of Appeals. Right? I mean, the court could have, and then that would have been the end of it because the government can't appeal, right? Assuming the petitioner had been acquitted, that would be correct. Yeah. And the other thing the Ohio Court of Appeals did, though, was it interpreted Ohio law. It said there are three things you've got to show in order to merit a jury instruction on self-defense using deadly force. One is that you weren't at fault in giving rise to the situation that created the affray. The second, the court did not rule on. Counsel, I hear your answer to my question being, don't worry about this because we have lots of fact findings here that support the trial judge's decision. And the way to think about that is that's AEDPA, and that's a really high bar, and that's the solution to this problem. What's odd about it, though, is the fact findings still go to credibility. I mean, there's still some credibility assessment going into these fact findings, and that's what I'm still struggling with. I know one answer is that if it's just utterly implausible, the credibility findings, I guess, theoretically, it could violate AEDPA that way. But, boy, it sure inoculates these things from review because credibility is a fact finding, and you're saying that's okay. That gets really the high bar of review, and that's the main point of Ms. Patterson. What's this trial judge and the Court of Appeals doing making credibility findings? Now, Your Honor, we're not seeing these as so much credibility findings. These are what happened. This is what the evidence showed the various witnesses. This is what people did, what was found at the scene, what was not found at the scene. In light of that, it's less credibility than it is. Okay, it's binding factual findings. There has not been clear and convincing evidence to rebut the presumption that these binding factual findings are correct, and also the Court of Appeals interpretation of Ohio law is likewise binding. That's how habeas works. I mean, habeas is not a mere error correction. It is about taking care of extreme malfeasance or extreme malfunction in a justice system, and we're not seeing that here, frankly. Well, are there other questions? Let me see if Judge Siler has any more questions. You can keep going, Ms. Reese. It's up to you. My only other comment would be that there has never been a United States Supreme Court decision recognizing federal constitutional right of a criminal defendant to a particular jury instruction, including especially a jury instruction on self-defense. So the cases that are getting named, as Judge Siler pointed out, a lot of this is dicta. In light of that, this cannot be an unreasonable determination of a state Supreme Court precedent. Other than that, if the Court has no further questions, we would rest. All right. Thank you, Ms. Reese. We appreciate your answering our questions and not belaboring the point. Ms. Patterson. Yes, Your Honors. I would like to begin by going over some of the evidence because that is what the state talked about. Mr. Kahee introduced substantial evidence on every point regarding the fact that he did not start the fray. He testified that Mr. Hampton charged at him with a knife and that he did not know that Mr. Hampton was going to be there. Kendra McGill corroborated his testimony, and that said that Mr. Hampton was supposed to be there earlier in the day, not at the time that Mr. Kahee arrived. The state does not even dispute the fact that Mr. Kahee introduced sufficient evidence regarding the second prong, the fact that he had a reasonable and imminent fear of bodily harm. A knife was found on the scene, substantiating that testimony. And then he testified that he did not have an opportunity to retreat because when he attempted to retreat, Mr. Hampton pulled a gun and shot him. The state makes a big point about the fact that Mr. Kahee is the only witness who testified that Mr. Hampton had a gun, but that ignores the reality that most of the witnesses did not see the conflict at all. In fact, Joyce McGill is the only witness who testified to seeing the beginning of the incident, although that testimony was contradicted by her daughter, who said she did not see the beginning of the conflict. And most of the witnesses only heard the shots being fired. They did not witness them. One witness testified that he saw an arm be raised and heard a shot be fired, so he believed, but he couldn't even see that gun. So the witnesses also didn't even really see Mr. Kahee with the gun. And regardless, the point is, as the state said, the trial court made factual findings. Whether or not there is sufficient evidence to support a jury instruction is a legal question. And by making these factual findings, the trial court invaded the province of the jury and denied Mr. Kahee his right to a jury trial. As the Supreme Court said in Duncan, if the defendant prefers the common sense judgment of a jury to the more tutored but perhaps less sympathetic reaction of the single judge, he was to have it. And yet Mr. Kahee was denied that right in this case. Finally, while Mr. Kahee is entitled to habeas relief because his federal constitutional rights were violated, it is significant to note that what the state court did also violated state law here. And that is relevant because if habeas relief is granted, which it should be, that means the is not interfering with Ohio's normal rules of criminal procedure and normal operations. And finally, as the court said in Panetti v. Quarterman, the fact that a state violated its own procedures undermines the state's reliance on any argument that it is entitled to deference regarding its rules of criminal procedure. For these reasons and the reasons in the brief, I ask that you reverse the district court's judgment, which was based on three mistakes. Thank you. Thank you. Thanks to both of you for your helpful briefs and helpful arguments. As always, we're quite grateful and thanks for answering our questions. The case will be submitted and Mr. Karatko can call the next case.